# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**SEALED**

### CASE NO.  26-CR-20031-BLOOM/ELFENBEIN

FILED BY _____ D.C.

FEB 10 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

**v.**

**T.H., a minor,**

        **Defendant.**

_____/

## UNOPPOSED MOTION FOR A PROTECTIVE ORDER AUTHORIZING AND REGULATING DISCLOSURE OF SENSITIVE INFORMATION IN DISCOVERY

The United States hereby moves this Court for a Protective Order authorizing and regulating disclosure of sensitive information to the defendant, T.H., a minor (the "Minor"), and the Minor's counsel regarding sensitive information in discovery; stating as follows:

On February 2, 2026, and pursuant to the provisions of Title 18, United States Code, Section 5032, *et seq.,* the United States Attorney for the Southern District of Florida issued an Information that charged the Minor with one count of Murder in the First Degree, a violation of 18 U.S.C. § 1111(a) (Count 1) and one count of Aggravated Sexual Abuse, a violation of 18 U.S.C. § 2241(a)(1) (Count 2).[1]

The Minor made his initial appearance on February 3, 2026.  The Minor was also arraigned on the same day.  While the Juvenile Delinquency Act, 18 U.S.C. § 5032, *et. seq.,* does not have a specific provision regarding the disclosure of discovery, the Government will provide substantial discovery in this matter as it would in any other matter in satisfaction of the Standing Discovery Order.

---

[1] As this matter's docket is sealed and inaccessible through electronic systems, as required by the provisions of 18 U.S.C. § 5038, the Government cannot access the docket to cite to the electronic court filing ("ECF") numbers for each relevant pleading or entry.



This discovery includes sensitive information, such as business and government records that contain personal identification information ("PII") of other individuals, who are adults, including their names, dates of birth, social security numbers, and other types of identifying and personal information of the victim of the charged crimes and potential adult witnesses of the illegal activity charged.  The discovery material described above which the Government seeks to provide also comprises several videos where the Minor, the victim, and potential witnesses are depicted.

Given the volume of Sensitive Information in this discovery that the Government will be providing to the Minor, it is not practicable for the United States to redact it.  Rather, it is far more practical to use the proposed Protective Order to facilitate both the timely production of discovery and the protection of the privacy of the Minor, the victim, or third parties whose PII will be included in that discovery.[2]

Accordingly, in order to ensure the protection of the Sensitive Information and to avoid the disclosure of this information to other individuals, the United States respectfully requests that the Court enter a Protective Order regulating disclosure as set out in the proposed Protective Order filed with this motion.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).   *See also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery").  In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions.

---

[2] As some potential witnesses and the Minor are persons under the age of 18, the Government will continue to redact their names and PII as required by federal law.

Here, the United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See, e.g, United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited . . . [and] Rule 16 . . . makes no provision for the production of the names and addresses of witnesses"). Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's personal identifying information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the Minor's ability to prepare their defense and would protect only the personal identifying information of the individuals whose PII might be included within that discovery.

It is appropriate for any protective order to remind the parties that the purpose of discovery is trial preparation, and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

## POSITION OF DEFENSE COUNSEL

Pursuant to Local Rule 88.9(a), the undersigned AUSA has consulted with defense counsel, Assistant Federal Public Defenders Eric Cohen, Abigail Becker, and Evan Kuhl, and they have no objection to the motion and the entry of the Protective Order sought by the Government.

## CONCLUSION

WHEREFORE, the United States respectfully requests the entry of the proposed Protective Order governing the production of discovery to allow the provision of Sensitive Information described herein to the defendant, without the need for redaction of PII pursuant to the Protective Order.  A proposed Protective Order granting the Government's motion is attached hereto as required by the Local Rules.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    _____

Alejandra L. López
Assistant United States Attorney
Florida Bar #37132
U.S. Attorney's Office - SDFL
99 NE 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9241
E-mail: alejandra.lopez@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF, and which caused the same to be served on AFPDs Eric Cohen, Abigail Becker, and Evan Kuhl, counsel for T.H.

/s/ Alejandra L. López
Alejandra L. López
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20031-BLOOM/ELFENBEIN

UNITED STATES OF AMERICA

v.

T.H., a minor,

Defendant.

_____/

## PROTECTIVE ORDER AUTHORIZING AND REGULATING DISCLOSURE OF SENSITIVE INFORMATION IN DISCOVERY

The United States, having filed an unopposed motion for a protective order authorizing and regulating disclosure of sensitive information, and this Court having been advised of the applicability of provisions to the above captioned matter and finding good cause:

IT IS HEREBY ORDERED that the United States is authorized to disclose the Sensitive Information described in the motion in its possession that the United States believes necessary to comply with the discovery obligations imposed by this Court;

IT IS FURTHER ORDERED that the United States shall mark that portion of the discovery that includes Sensitive Information as "Confidential";

IT IS FURTHER ORDERED that counsel of record for the defendants in this proceeding shall hold the Confidential portion of the discovery in strict confidence. Therefore, defense counsel shall restrict access to the discovery marked as Confidential to their client, staff, investigators, and witnesses only to the extent defense counsel believes is necessary to assist in the defense of this matter and in a manner that will prohibit the disclosure of this discovery to others not involved in the defense;

IT IS FURTHER ORDERED that counsel of record for the defendants shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict

confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent; and

**IT IS FURTHER ORDERED** that counsel of record for the defendants agree that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this Order shall be destroyed or returned to the government.

**DONE AND ORDERED** at Miami, Florida, this ____ day of February 2026.

_____

**HONORABLE BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Alejandra L. López, AUSA
Eric Cohen, AFPD
Abigail Becker, AFPD
Evan Kuhl, AFPD

---

[1] This shall mean the period at the conclusion of any appellate and Section 2255 proceedings; if any, or upon expiration of the deadline for filing appellate or Section 2255 proceedings.