Sealed

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  26-CR-20031-BLOOM/ELFENBEIN

UNITED STATES OF AMERICA            )
                                    )
                                    )
v.                                  )
                                    )
                                    )
                                    )
T.H., a minor,                      )
                                    )
        Defendant.                  )
_____ )

FILED BY _____ D.C.

FEB 19 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## GOVERNMENT'S FIRST RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    Attached, please find a copy of a written statement made by the defendant (Bates stamp HUDSON_002113).

2.    Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, which was also previously provided on February 4, 2026, via email. (Bates stamp HUDSON_000013 through HUDSON_000016).

3.    No defendant testified before the Grand Jury.

4.    At this time, the government is unaware of any prior criminal record or adjudications of delinquency. The defendant's prior criminal or delinquency record, if any is revealed to exist, will be made available upon receipt by this office.

5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or



which were obtained from or belong to the defendant, may be inspected at a mutually convenient time.  Please call the undersigned to set up a date and time that is convenient to both parties.  Please call the undersigned with two-weeks' notice.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6.  Laboratory analysis reports regarding DNA testing in connection with this case are attached. They were previously provided on February 4, 2026, via email (Bates stamp HUDSON_000057 through HUDSON_000067).

A copy of the entire DNA file from the laboratory (including, but not limited to, raw data, *curriculum vitae*, chain of custody documents, and SOPs) is also attached (Bates stamp HUDSON_000771 though HUDSON_001573).

An autopsy report and a toxicology report, produced as part of the victim's post-mortem examination, are attached (Bates stamp HUDSON_000114 through HUDSON_000119 and HUDSON_000122 through HUDSON_000123).  They were previously provided on February 4, 2026 via email. As previously disclosed, the government is awaiting a copy of the full file from the victim's post-mortem examination.

B.  DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo array or similar

2

identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.    The government will order transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery ore pretrial conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.  Prior *Giglio* material was provided via email on February 5, 2026 and via letter on February 10, 2026 (Bates stamp HUDSON_001776 through HUDSON_001777).

3

Advanced *Jencks* materials are also included, including materials (Bates stamp HUDSON_000001 through HUDSON_000123) already provided via email on February 4, 2026.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: aprox. 7:35 p.m. EST to 9:36 a.m. EST
> Date: on or about between November 6, 2025 through November 7, 2025
> Place: Carnival Cruise Ship Horizon of the Seas, Cabin 8343

The attachments to this response are numbered pages HUDSON_000001 through HUDSON_002175. They are contained on a hard drive provided by counsel. You will also be provided with a discovery index of those items for your convenience. Please contact the undersigned Assistant United States Attorney if any pages, videos, cell phone downloads, or files are missing.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  *Alejandra L. López*
ALEJANDRA L. LÓPEZ
Assistant United States Attorney
Florida Bar No. 37132
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961- 9241
Email: Alejandra.Lopez@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2026, I conventionally filed the foregoing document with the Clerk of the Court using CM/ECF, and served the same via email on AFPD Eric Cohen, Abigail Becker, and Evan Kuhl, counsel for the defendant.

_Alejandra L. López_
ALEJANDRA L. LÓPEZ
Assistant United States Attorney