**Sealed**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>26-CR-20031-BLOOM/ELFENBEIN</u>

UNITED STATES OF AMERICA

v.

T.H., a minor,

      **Defendant.**

_____/

FILED BY _____ D.C.

FEB 24 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## <u>UNOPPOSED MOTION TO TRANSFER CASE TO ADULT STATUS</u>

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this unopposed Motion to Transfer Case to Adult Status (the "Motion") as to the juvenile defendant, T.H. (the "Minor"), pursuant to the provisions of Title 18, United States Code, Section 5032, and in the interests of justice. In support of its Motion, the United States avers as follows:

### <u>RELEVANT FACTUAL BACKGROUND</u>

1. On or about November 7, 2025, A.K., an 18-year-old female from Titusville, Florida, was found deceased in the cabin she shared with the Minor and a sibling on the Carnival Cruise Lines' Horizon of the Seas while the ship was on the high seas on its journey to Miami, Florida. The subsequent investigation of A.K.'s death resulted in the prosecution against the Minor, a 16-year-old male.

2. Pursuant to the provisions of the Juvenile Delinquency Act, 18 U.S.C. § 5032 *et. seq.*, the United States Attorney for the Southern District of Florida filed an Information on February 2, 2026, charging the Minor with one (1) count of Murder in the First Degree, a violation

of 18 U.S.C. § 1111(a) (Count 1), and one (1) count of Aggravated Sexual Abuse, a violation of 18 U.S.C. § 2241(a)(1) (Count 2).[1]

3.     The Minor surrendered himself on February 3, 2026.   On the same day, the Minor had his initial appearance and arraignment on the Information before United States Magistrate Judge Edwin G. Torres, wherein he plead not guilty to the charges contained in the Information. The Minor also demanded discovery, and the Magistrate Court entered the Standard Discovery Order in this matter.[2]

4.     Additionally, a pretrial detention hearing was held on February 6, 2026, upon the Government's request for pretrial detention. After an hours' long hearing, United States Magistrate Judge Torres released the Minor Defendant with various conditions to the custody of a family member.[3]

5.     Pursuant to 18 U.S.C. § 5032, the proceedings against the Minor shall continue to a final disposition hearing unless: (a) the Minor requests to be proceeded against as an adult, or (b) upon a motion by the United States requesting to transfer this matter from juvenile status to adult status.

---

[1] As this matter's docket is sealed and inaccessible through electronic systems, as required by the provisions of 18 U.S.C. § 5038, the Government cannot access the docket to cite to the electronic court filing ("ECF") numbers for each relevant pleading or entry.

[2] On February 19, 2026, the Government provided its first response to the Standard Discovery Order to defense counsel, which included Rule 16 discovery, *Giglio* information, all existing FBI reports and Sentinel items, and additional advanced *Jencks* materials not previously provided on February 4, 2026, before the pretrial detention hearing.

[3] In his pronouncement of the Minor's release conditions, Magistrate Judge Torres also stated that, should the district court transfer this matter to adult status, the Government could ask the district court to revisit the Minor's release status.  As further indicated below in footnote 4, *infra*, the Government will make such a request should an indictment issue in this matter.

2

6.      The United States now makes said request, which is unopposed by the Minor. Consequently, the Minor has executed a written document, attached hereto as Attachment 1 to this Motion, requesting he be proceeded against in this matter as an adult.

## ANALYSIS AND MEMORANDUM OF LAW

"A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrender to State authorities shall be proceeded against under [Chapter 403]," that is, under the provisions of the Juvenile Delinquency Act. 18 U.S.C. § 5032 ¶ 4 (2025). Here, the United States has alleged the Minor committed two acts of juvenile delinquency by Information on February 2, 2026. Normally, therefore, the provisions of the Juvenile Delinquency Act would require a delinquency hearing to be held for this Court to make a determination of delinquency, *see id.*

However, this Court may proceed against the Minor as an adult in the interests of justice, as outlined in Section 5032, under certain circumstances.   Applicable here, the Court may proceed against the Minor as an adult if the United States makes a motion, as it does now, to the Court for the discretionary transfer of this matter to adult status. This transfer may be requested where: (a) the juvenile is 15 years or older ; (b) the act which is alleged to have been committed was an act after the juvenile's fifteenth birthday; (c) the act is one that, had it been committed by an adult, would be a felony that is a crime of violence or a drug trafficking offense.   *Id.*   If such a motion is made, the Court must then conduct an evidentiary hearing to determine if the matter against the Minor should proceed in adult status, where the Government has the burden to prove, by a preponderance of the evidence, that the transfer of this matter is in the interests of justice.   *Id. at* ¶ 4, 5; *see also United States v. I.D.P.*, 102 F.2d 507, 513 (11th Cir. 1996) (finding the Government

3

must prove its burden at a Section 5032 adult transfer hearing by a preponderance of the evidence)).

Here, the Minor is 16 years of age, and he is alleged to have committed two offenses after the age of 15 which, if committed by an adult, would both be crimes of violence. Moreover, the Government avers that the serious nature of the offenses in this matter presents a compelling federal interest in transferring this matter to adult status. Finally, the authority to proceed with this motion to transfer has been authorized by the United States Attorney for the Southern District of Florida under the authority delegated to him by the Attorney General of the United States, as evidenced by Attachment 2 to this Motion, which is made a part of this motion. As such, the Government's Motion meets the basic requirements for the Court to consider this matter's transfer to adult status. Therefore, this Court could proceed to a Section 5032 hearing if the Minor objected to the Government's Motion.

Nonetheless, the Court may also transfer this matter to adult status if the Minor, in writing and with the advice of counsel, requests such a transfer, *id* at ¶ 4. Here, in addition to the Government's Motion, and as evinced in Attachment 1 to this Motion, the Minor is requesting this Court transfer this matter to adult status. As the Minor has requested in writing that this Court proceed in the matter against him as an adult, the Court need not proceed to a Section 5032 hearing since, under the plain wording of Section 5032, the Minor's written request is also a proper vehicle for the Court to transfer this matter to adult status.

Once this Court has entered an Order transferring this matter to adult status, the Government will then seek a two-week period from the date of the entry of the Court's Order to seek an indictment in this matter. *See United States v. Wellington*, 102 F.3d 499, 501-502, FN 1

4

(11th Cir. 1996) (outlining the procedural timeline of a prosecution initiated under the Juvenile Delinquency Act and transferred to adult status where an indictment was returned approximately 11 days after the district court issued an Order and Report and Recommendation transferring a case to adult status).

## THE GOVERNMENT'S REQUEST

Since the Government is requesting this Court transfer this matter to adult status in the interests of justice, and as the Minor has requested this Court proceed against him as an adult in the matter—in writing and with the advice of counsel—the Government respectfully requests this Court enter an order transferring the instant matter to adult status.

The Government further requests this Court enter a time two weeks from the date of the Court's Order transferring this matter to adult status, for the Minor's arraignment should a federal grand jury in the Southern District of Florida issue an indictment against the Minor.[4]

## CONCLUSION

WHEREFORE, the Government respectfully requests that the Court transfer this matter to adult status, pursuant to the provisions of Title 18, United States Code, Section 5031, *et seq.*

In accordance with Local Rule 88.9, the Government has conferred with opposing counsel about this Motion, Assistant Public Defenders Eric Cohen, Abigail Becker, and Even Kuhl, and they do not oppose this Motion.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

---

[4] Should an indictment issue, the Government will also seek this Court revisit the Minor's release status in a separate motion, as provided for in Magistrate Judge Torres's pronouncement of release conditions on February 6, 2026.

5

BY:   /s/ *Alejandra L. López*
      Alejandra L. López
      Assistant United States Attorney
      Florida Bar No. 37132
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      Telephone: (305) 961-9241
      Email: Alejandra.Lopez@usdoj.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2026, I conventionally filed the foregoing document with the Clerk of the Court, and that the same was served on counsel for the Minor, AFPDs Eric Cohen, Abigail Becker, and Evan Kuhl, via email.

/s/ *Alejandra L. López*
Alejandra López
Assistant United States Attorney

6

ATTACHMENT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  26-CR-20031-BLOOM/ELFENBEIN

**UNITED STATES OF AMERICA**

v.

**T.H., a minor,**

        **Defendant.**

_____/

### REQUEST TO PROCEED AS AN ADULT AND
### WAIVER OF HEARING PURSUANT TO 18 U.S.C. § 5032

The defendant, T.H., a minor (the "Minor") comes now before the Court and asserts as follows:

1. He has sought the advice of his counsel, Assistant Public Defenders Eric Cohen, Abigail Becker, and Evan Kuhl;

2. He recognizes the United States has alleged by Information he committed acts after the age of 15 years which, if committed by an adult, would be felonies that are crimes of violence;

3. He further understands that, as a minor, the instant proceeding against him is currently a delinquency proceeding in juvenile status, as established in 18 U.S.C. § 5032;

4. He also knows the United States has made a request for this Court, acting under is discretionary authority, to transfer this instant matter to adult status, as provided in Section 5032;

5. He recognizes that, should he contest the United States' motion, this Court must conduct a hearing in which the Court would hear evidence regarding six statutorily enumerated factors contained in Section 5032;

6.     He further understands that, at this hearing, he and the United States would have the opportunity to present evidence regarding Section 5032's six factors, and the United States would have the burden to establish, by a preponderance of the evidence, that such a transfer would be in the interest of justice;

7.     He also knows this Court would consider and make findings regarding the six Section 5032 factors in deciding whether to transfer this matter to adult status; and

8.     He further recognizes that, should the Court decide to transfer this matter to adult status after a Section 5032 hearing, he could appeal the Court's decision.

Having understood everything as described above, and upon the advice of his counsel, the Minor waives his right to a Section 5032 adult transfer hearing, and respectfully requests this Court allow the matter to proceed against him as an adult.

HECTOR A. A. DOPICO
FEDERAL PUBLIC DEFENDER

Date: 2|23|26          By: _____
AFPD ERIC COHEN
ATTORNEY FOR DEFENDANT

Date: 2|23|26          By: _____
AFPD ABIGAIL BECKER
ATTORNEY FOR DEFENDANT

Date: 2|23|26          By: _____
AFPD EVAN KUHL
ATTORNEY FOR DEFENDANT

Date: 2|23|26          By: _____
T.H., a minor
DEFENDANT

2

ATTACHMENT 2



**U.S. Department of Justice**

Criminal Division

---

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

July 25, 2023

## MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

From:        Kenneth A. Polite, Jr.
             Assistant Attorney General
             Criminal Division

Subject:     Federal Juvenile Delinquency Act
             Delegation of Authority[1]

1.  Purposes. This order redelegates to all United States Attorneys the authority of the Assistant Attorney General of the Criminal Division, pursuant to 18 U.S.C. §§ 5032 and 5036, and 28 C.F.R. § 0.57, to:

    (1) prosecute juveniles for acts of juvenile delinquency (including proceeding by information);

    (2) certify to the appropriate district court of the United States that:

        a.  the juvenile court or other appropriate court of the state does not have jurisdiction or refuses to assume jurisdiction over a juvenile alleged to have committed an act of juvenile delinquency;

        b.  the state does not have available programs and services adequate for the needs of juveniles; or

        c.  the offense charged is a crime of violence that is a felony or offense enumerated in the first paragraph of 18 U.S.C. § 5032, and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction;

    (3) make the proper showing to the court in the event a juvenile is not brought to trial within 30 days from the date detention began; and

---

[1] This memorandum cancels the Memorandum of Assistant Attorney General Jo Ann Harris to all United States Attorneys regarding delegation authority dated July 20, 1995.

(4) move to transfer to adult status for criminal prosecution a juvenile alleged to have committed an act which is a crime of violence that is a felony or an offense enumerated in the fourth paragraph of 18 U.S.C. § 5032.

2. <u>Scope</u>. This order applies to all United States Attorneys and Department of Justice attorneys.

3. <u>Authority</u>. This order is authorized by 28 C.F.R. § 0.57.

4. This order is effective July 25, 2023.

2